DeRbigny, J.
delivered the opinion of the Court*. In this case Celeste Delavillebeuve, the appellee, bound herself, jointly with her husband, Edward Forstall, to the payment of a debt, to secure which they mortgaged to the plaintiff and appellant certain slaves. On that mortgage the appellant sued and obtained an order of’ seizure and sale. But the appellee resists his claim on two grounds : 1st. that her obligation has not been contracted in such a manner as to bind her ; 2dly. that it nas not destroyed the tacit mortgage which she had on her husband’s property for the restitution of her dowry. She has accordingly instituted a suit to be separated of goods from her husband, and .she now prays to be paid out of the proceeds of his property in preference to the appellant.
I. Against the validity ofthe obligation by her entered into, the appellee alledges that although she has made a formal renunciation to the law of Toro, by which such obligations are declared void, unless it be proved that the debt has been converted to her benefit, yet, inasmuch as no such proof has been made, she is not bound. In support of this assertion, she quotes the authority of Febrero, who says that this proof is incumbent on the creditor, and that in defect of it he has seen it adj udged that the wife *578 should receive her dowry, or at least one half of it.
Ít. is certain that, by the Spanish laws, the wife is inhibited from becoming security for her hus-batid, and that when she binds herself in solido with him, her obligation is to be void, unless it is proved that the debt contracted has been converted to her benefit. Yet, it is admitted in practice that by renouncing, with certain solemnities, the laws which contain those provisions, she may nevertheless bind herself. As to the manner of making such renunciation, it appears to be a question settled by the Spanish authors that the renunciation must be special, and so made as to shew that the wife understood the provisions of the law and the nature and extent of her renunciation. It is also a point settled, in the Spanish practical books, that it is useless to mention in the renunciation any other law than the 61st of Toro, which is the 9 th tit. 3d. book 5th of the ■Recopilación de Castilla, as being the last enacted and the only one in torce On this particular subject. The renunciation in this case is made according to these rules : and so far there is no difficulty. But, it is not so easy to reconcile the opinions of the authors as to the operation and consequences of such a renunciation. Febrero thinks that, after it has been made, it is yet necessary to prove that the debt was converted,to the wife’s benefit, before the obligation can be enforced against her. But should this doctrine be adopted, where is the use of the *579 renunciation? The 61st of 7oro does not hinder the wife from contracting jointly with. her husband ; it does not say that such contract shall be void at all events. It recognises the validity of it, in case it should be proved that the debt contracted was converted to her benefit. Tnerefore, without any renunciation at all, the wile could contract, and the contract would be lawful, if this fact should be proved. The question now recurs : where is the use of the renunciation so much insisted on and so minutely defined in the practical books? We must either say that it is an iddle and ridiculous ceremony, or admit that its object, ou tlie part of the renouncing party, is to dispense with the proof required by lavy and to bind herself absolutely. That this is the only reasonable interpretation which may be given to the renunciation is so obvious, that we deem it unnecessary to dwell any longer on this question.
II. The other ground on which the appellee relies is that, although it should be recognised that her obligation is validand her renunciation binding, yet inasmuch as she has not, in express words, renounced her tacit mortgage in favor of the appellant, that mortgage stands unimpaired.
This may be answered by asking: what has the appellee renounced? She had a lien on the property which she and her husband undertook to bind in favor of the appellant. Had it not been for *580 that lien, there was no use for her joining her bus-band in the deed of mortgage. For the purpose then, and for the only purpose, of removing the Obstacle which her rights threw in the way of the intended contract, she came forward and renounced the benefit of the law by which those rights 'were protected. And this, it is pretended, is not a renunciation of the rights themselves ! We think, however, ¿hat a renunciation to the protection of a law, which secures a right, is a most express and a most solemn renunciation of that right. It may be further observed that this is not a case where a special renunciation of the mortgage is deemed necessary On the part of ¿he wife. Such renunciation being only requisito, where the husband contracts singly, as in a sale which he alone has a right to make ; for, as the wife does not there join her husband in the contract, the only way in which she can secure the purchaser is by renouncing her mortgage in his favor. It is for cases of this nature that the 58th law, tit. 18, part. 3, establishes the manner in which that renunciation of the wife shall be expressed. But in contracts, where she binds herself jointly with her husband, and assumes, in every respect, the same responsibility towards the other party, the renunciation of her own right, upon the thing which she undertakes to pledge or alienate, is certainly included ; else the obligation itself would be nothing.
*581 The objection raised by the appellee as to the validity of the mortgage, which she. undertook, under the authorisation of her husband, to gjve on some of the slaves, supposing them tobe her particular property, while they were the property of the community, cannot avail her, It could at most have been listened to, if it had come from her husband in due time ; and might perhaps have been a cause for setting aside the proceedings by seizure, as to those particular slaves, before a final'-' judgment on the merits, and when the question here is : who is entitled to the proceeds of the property sold, we must say that the joint creditor of the appellee and her husband shall receive it, whether it was the property of one for the other.
It is, therefore, adjudged and decreed that the judgment of the District Court be reversed, and that judgment be entered for the appellant, for the ⅝11 amount of his demand with costs.

 Martin, J. didnot join in this opinion, having been of counsel ⅛ the cause.